**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------------x

**MARIA LOPES MIRANDA,**   CIVIL ACTION NO.:

        **Plaintiff,**

      v.

**SHORT TERM DISABILITY INCOME PLAN**
**OF BOSTON BUILDING SERVICE**
**EMPLOYEES' TRUST FUND;**
**LONG TERM DISABILITY INCOME PLAN**
**OF BOSTON BUILDING SERVICE**
**EMPLOYEES' TRUST FUND; and**
**LIFE INSURANCE COMPANY OF**
**NORTH AMERICA,**   **COMPLAINT**

        **Defendants.**
---------------------------------------------------------------x

      Plaintiff, MARIA LOPES MIRANDA, by her attorney, STEPHEN L. RAYMOND, ESQ., as and for her Complaint against the defendants, SHORT TERM DISABILITY INCOME PLAN OF BOSTON BUILDING SERVICE EMPLOYEES' TRUST FUND ("STD PLAN"), LONG TERM DISABILITY INCOME PLAN OF BOSTON BUILDING SERVICE EMPLOYEES' TRUST FUND ("LTD PLAN"), and LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), alleges as follows:

**JURISDICTION AND VENUE**

      1.    Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Short Term Disability ("STD") and Long Term Disability ("LTD") benefits.

      2.    Under the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA") (29 U.S.C. §§ 1001, *et seq.*), the STD PLAN and LTD PLAN at issue in this litigation must contain provisions for an administrative or internal appeal of a denial of

benefits.  Plaintiff has exhausted all of her remedies under the terms and conditions of the relevant Plans.  She has received a final denial on her STD claim and, her LTD claim may be deemed denied pursuant to 29 CFR § 2560.503-1(l); therefore, this matter is properly before this Court for *de novo* judicial review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3. Plaintiff, MARIA LOPES MIRANDA, is a resident of Brockton, Plymouth County, Massachusetts.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.  The Plans are administered, the defendants are to be found, and the breach took place, within this district.

**NATURE OF ACTION**

5. Plaintiff's claim seeks a declaration that Plaintiff is entitled to STD and LTD benefits pursuant to employee benefit plans providing for short term and long term disability benefits, sponsored and administered by Plaintiff's employer, BOSTON BUILDING SERVICE EMPLOYEES' TRUST FUND ("BBSETF"), and administered and insured, in part, by LINA, and an order requiring payment of said benefits.  As Plaintiff's claims arise under employee benefit plans, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action.  Said benefits were effective at all times relevant hereto.

6. Plaintiff had previously filed suit in this District over the subject claims in the action entitled: *Miranda v. Short Term Disability Income Plan of Boston Building Service Employee's Trust Fund*, *et al.*, 1:12-cv-12071-GAO.  The parties agreed that Plaintiff would

voluntarily dismiss that case without prejudice, and file additional medical support for her claims, and defendants would process her claims under ERISA and the Plan documents.

## THE PARTIES

7. Plaintiff, MARIA LOPES MIRANDA, is a 53-year-old woman who was born in 1959. She is originally from Cape Verde, speaks Portugese, and is not proficient in English.

8. Defendant, STD PLAN is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. § 1002(1), which may be sued as an entity under ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).

9. Defendant, LTD PLAN is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. § 1002(1), which may be sued as an entity under ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).

10. Defendant, LINA, is engaged in the business of disability insurance, and is licensed and authorized to engage in the business of insurance within the Commonwealth of Massachusetts. For purposes of this matter, LINA provided administrative services relative to the STD plan, and issued a group policy of LTD insurance to the employer, BBSETF, in the Commonwealth of Massachusetts. LINA maintains offices at 1601 Chestnut Street, Philadelphia, PA 19192-2235.

## STATEMENT OF FACTS

11. Plaintiff worked as a Housekeeper for BBSETF and was employed by the company for just over twelve years. Among others, the job required her to stand and walk constantly and frequently lift objects weighing up to twenty-five pounds. She stopped work on or about October 11, 2010, due to a gynecological condition requiring a total abdominal

hysterectomy. The surgery was performed on October 12, 2010. Plaintiff attempted to return to work on December 13, 2010, but on that date suffered an exacerbation of back pain triggered by the surgery. As a result, she suffered from low back strain and sciatic pain. She was found to be positive to straight leg raising test and demonstrated weakness in great toe dorsiflexion on the right. The combination of her physical symptoms have precluded Plaintiff's ability to return to work from the date benefits were last paid under the STD Plan (December 11, 2010) through the duration of maximum benefits under the STD Plan (April 11, 2011) and into the period for which LTD benefits are payable, (from April 12, 2011) and to the present.

12. For a period up to and including October 11, 2010, Plaintiff, together with other active full time employees, was covered as a participant under both the STD Plan and LTD Plan, which were sponsored, funded, and administered by Plaintiff's employer, BBSETF, and administered and insured, in part, by LINA. The STD Plan provides for payment of weekly income benefits to participants who become disabled. Payments under the Plan begin after an elimination period of three days. The weekly benefit is determined by the Plan based on a set percentage (60 %) of pre-disability covered earnings, with a maximum benefit of $250 per week.

13. The STD Plan provides, in pertinent part:

You are considered Disabled if, solely because of a covered Injury or Sickness, you are:
1. unable to perform all the material duties of your Regular Occupation, and
2. unable to earn 80% or more of your Covered Earnings from working in your Regular Occupation.

STD Plan at 3.

14. The maximum benefit period for STD benefits is 26 weeks.

15. The LTD Plan provides, in pertinent part:

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

LTD Plan Group Policy at 5. Payments under the LTD Plan begin after a 180-day elimination period.

16. The monthly benefit is determined by the Plan based on a set percentage (60%) of pre-disability monthly covered earnings. The maximum benefit amount is $1,000 per month.

17. The LTD Plan also provides for a maximum LTD benefit period, which may be up to Plaintiff's age 65.

18. Plaintiff ceased work on October 11, 2010, as a result of a gynecological condition, which required a total abdominal hysterectomy on the following day.

19. As a result of her condition, Plaintiff submitted a claim for short term disability ("STD") benefits under the STD Plan. She arranged for the submission of: completed claim forms; attending physicians' statements; and supportive medical records, to LINA, the STD Plan's claims administrator.

20. After filing her claim, Plaintiff was awarded benefits from October 15, 2010, (after the conclusion of the 3-day elimination period), through December 11, 2010.

21. In its initial approval letter, LINA advised Plaintiff that her benefits had been approved through December 6, 2010, and that her claim would remain "open" through December 19, 2010.

22. In October, 2010, Plaintiff's physician projected her patient's return to work as December 13, 2010.

23. On December 13, 2010, the Plaintiff attempted to return to work but suffered severe back pain, an exacerbation of pain due to the surgery, on that day. Examination by her primary care physician ("PCP") revealed back strain with objective evidence of positive straight leg raising and weakness of great toe dorsiflexion on the right. The PCP also reported hyperasthesia of the right lower extremity as well as reports of some dysuria.

24. After cutting off benefits, LINA sent the Plaintiff a letter dated January 18, 2011, indicating that her claim had been "closed" as her physician had earlier projected a return to work as of December 13, 2010. She was advised to telephone the office if unable to return to work, but no instructions for written appeal of the denial of continued benefits was provided.

25. Plaintiff requested that LINA review its denial of continued benefits by having additional medical records, specifically including "out-of-work" notes forwarded to LINA by her PCP. These materials were received by LINA on March 1, 2011.

26. By letter dated March 3, 2011, LINA reported that: (1) Plaintiff was advised by letter of January 18, 2011, that her claim had been "closed;" (2) LINA had received the notes of Plaintiff's PCP (which reported that she was unable to physically perform her occupation); (3) the "information was reviewed and does not change our prior decision;" and, (4) no further action would be taken on Plaintiff's claim.

27. During its review of Plaintiff's claim, LINA did not properly consider whether her physical impairments rendered her unable to perform the material duties of her occupation beyond December 13, 2010.

28. By letter dated November 30, 2011, counsel for Plaintiff requested a full copy of the claim file, and also requested all relevant documents pertaining to Plaintiff's claim, to include copies of all internal "statements of claims procedures, policies, or guidelines applicable to the evaluation of claims under these employee benefit plans, and in particular, concerning the benefit for the claimant's diagnoses (that is, concerning monthly STD benefits) , whether or not they were actually relied upon in making the benefit determination"  See 29 CFR § 2560.503-1(m)(8)(iv).

29. The Plan forwarded some of the requested records from Plaintiff's claim file on or about December 9, 2011; however it refused to provide Plaintiff with any of the requested internal claims procedures, policies, or guidelines, notwithstanding whether they are "relevant documents" as provided by ERISA regulations.

30. As the LTD benefit period had also begun, in Plaintiff's November 30, 2011, letter, she also provided LINA notice of claim for purposes of the LTD Plan.

31. By letter dated January 6, 2012, Plaintiff provided her proof of loss with respect to the LTD claim, and requested that all medical records from the STD file be incorporated by reference as part of her LTD claim.

32. Despite the inaccuracy of the its opinions underpinning the continued denial, LINA has failed to overturn its decision on the STD claim to date.

33. LINA has failed to render any determination on Plaintiff's LTD claim to date.

34. Defendants did not properly apply the provisions of the STD Plan or the LTD Plan to Plaintiff's claims.

35. Plaintiff has remained disabled in accordance with the terms and conditions of the STD Plan from December 13, 2010, when benefits were suspended, through the duration of maximum benefits under the STD Plan, April 11, 2011. Plaintiff has remained disabled in accordance with the terms and conditions of the LTD Plan from the onset of her disability on October 11, 2010, throughout the elimination period and entitled to benefits thereunder from April 11, 2011, through the date of the filing of this action.

36. On November 6, 2012, Plaintiff, through undersigned counsel, filed suit in this District against the same defendants, in an action entitled: *Miranda v. Short Term Disability Income Plan of Boston Building Service Employee's Trust Fund, et al.*, 1:12-cv-12071-GAO. The suit sought payment of STD and LTD benefits.

37. After conferring, the parties agreed that Plaintiff would voluntarily dismiss that case without prejudice, and file additional medical support for her claims, voluntarily remanding the claims to defendants to process under ERISA and the Plan documents. The defendants agreed that the claims would not be denied as untimely. The case was dismissed on May 2, 2013.

38. In this connection, Plaintiff filed additional proof of claim for both the STD and LTD claims, including providing LINA's "Intake Department" with further information by telephone such that it could properly initiate an LTD claim. When several months had passed with no further communication from LINA, the undersigned, on December 17, 2013, wrote to Robert Dell at LINA, requesting the status, and providing additional documentary support.

39. By letter dated January 10, 2014, LINA, notified the claimant directly (without copy to counsel), that her claim for STD benefits had been denied, the "information reviewed . . . does not change our prior decision," and referring to the January 18, 2011, denial letter. No reference was made to the concurrent LTD claim.

40. By letter dated July 9, 2014, Plaintiff, through counsel requested review of both STD and LTD claims, and provided further supportive medical records with said mailing.

41. Despite the inaccuracy of the its opinions underpinning the continued denial, LINA has failed to overturn its decision on the STD claim to date.

42. LINA has failed to render any determination on Plaintiff's LTD claim to date.

43. Defendants did not properly apply the provisions of the STD Plan or the LTD Plan to Plaintiff's claims.

44. Plaintiff has remained disabled in accordance with the terms and conditions of the STD Plan from December 13, 2010, when benefits were suspended, through the duration of maximum benefits under the STD Plan, April 11, 2011. Plaintiff has remained disabled in accordance with the terms and conditions of the LTD Plan from the onset of her disability on October 11, 2010, throughout the elimination period and entitled to benefits thereunder from April 11, 2011, through the date of the filing of this action.

**AS AND FOR PLAINTIFF'S FIRST CLAIM:**
**FOR DEFENDANTS' FAILURE TO PROVIDE A FULL AND FAIR REVIEW**
**ERISA §§ 502(a)(1)(B), (a)(3), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)**

45. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 44, *supra*, as if fully set forth at length.

46. To the date of filing this action, despite her request, Plaintiff has not received the additional requested documents relevant to her claim.

47. ERISA mandates, in relevant part:

> [E]very employee benefit plan shall–
>
> \*           \*           \*
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

48. The regulations, promulgated to ensure the "full and fair review" protections afforded by ERISA § 503 are available to participants of employee benefit plans provide that every plan's benefit denial review procedure provide for a review by the participant of relevant claim documents. *See* 29 CFR § 2560.503-1(h)(2)(iii).

49. The regulations provide, in pertinent part:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> \*           \*           \*
>
> or
>
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 CFR § 2560.503-1(m)(8)(i), (ii), and (iv).

50.     Despite Plaintiff's requests for a copy of all relevant documents, the STD Plan and LINA have refused to provide such relevant documents, to include internal statements of procedures, policies, or guidelines relative to her claim.

51.     The STD Plan and LINA's failure and refusal to provide Plaintiff with a copy of documents relevant to her claim has prejudiced Plaintiff's claim, has denied her ERISA's statutory right to a "full and fair review" of her claim as it has prevented her from mounting additional argument in favor of her claim, and deprived her of the opportunity to submit such additional evidence as may perfect her claim.

52.     Defendants' actions are in contravention of the mandates of ERISA, in contravention of the provisions of the subject STD Plan itself, are a breach of LINA's fiduciary duties as an ERISA administrator, and a clear abuse of discretion.

**AS AND FOR PLAINTIFF'S SECOND CLAIM:
FOR SHORT TERM DISABILITY BENEFITS
ERISA §§ 502(a)(1)(B), (a)(3), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)**

53.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 52, *supra*, as if fully set forth at length.

54.     In administering its employee benefit plan and in resolving claims thereunder, the STD Plan and LINA have the responsibility of determining whether claimants are disabled within the definitions of the applicable plans and policies so as to be entitled to benefits. Crucial to those determinations is an understanding of the claimant's medical conditions and their effects on the claimant's abilities.

55.     Plan fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

56. Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the STD Plan, and in accordance with the provisions of ERISA.

57. The STD claim decisions rendered on behalf of the plan in the instant action have been made by LINA, who is paid under a contract for administrative services by the defendant, STD Plan, which "self-insures" the benefit, and as such cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus has acted under a conflict of interest.

58. Plan fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

59. Defendants' decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the STD Plan.

60. Defendants' decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence gathered during the review stages of Plaintiff's claim.

61. Plaintiff was disabled within the terms of the STD Plan maintained for the benefit of the employees of BBSETF. Plaintiff is entitled to the receipt of weekly Short Term Disability benefits pertaining to her disability from (and including) December 13, 2010, when benefits were suspended, through April 11, 2011.

**AS AND FOR PLAINTIFF'S THIRD CLAIM:
FOR LONG TERM DISABILITY BENEFITS
ERISA §§ 502(a)(1)(B), (a)(3), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)**

62. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 61, *supra*, as if fully set forth at length.

63. In administering its employee benefit plan and in resolving claims thereunder, the LTD Plan and LINA have the responsibility of determining whether claimants are disabled within the definitions of the applicable plans and policies so as to be entitled to benefits. Crucial to those determinations is an understanding of the claimant's medical conditions and their effects on the claimant's abilities.

64. Plan fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

65. Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the LTD Plan, and in accordance with the provisions of ERISA.

66. The LTD claim decisions (or inaction) rendered on behalf of the plan in the instant action have been made by LINA, who insures the benefits under the defendant, LTD Plan, and as such cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus has acted under a conflict of interest.

67. Plan fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

68. Defendants' decisions (or inaction) were not supported by the medical evidence and moreover, did not correctly apply the language of the LTD Plan.

69.     Defendants' decisions (or inaction) in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence gathered throughout Plaintiff's claim.

70.     Plaintiff has been disabled within the terms of the LTD Plan maintained for the benefit of the employees of BBSETF.  Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to her disability from (and including) April 11, 2011, through the filing of this action, and continuing so long as she continues to meet the Plan's requirements.

**WHEREFORE,** Plaintiff prays for the following relief:

A.      That the Court determine and then declare that under the terms of the STD Plan, that the Plaintiff's disability continued from (and included) October 11, 2010, within the term of coverage, and that she was and continued to be disabled within the Plan's provisions.

B.      That after making such a determination, the Court ORDER the Defendants, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said STD Plan, from December 13, 2010, through April 11, 2011.

C.      That the Court determine and then declare that under the terms of the LTD Plan, that the Plaintiff's disability continued from (and included) October 11, 2010, within the term of coverage, and that she was and continued to be disabled within the Plan's provisions.

D.      That after making such a determination, the Court ORDER the Defendants, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said LTD Plan, from April 11, 2011, and continuing.

E.   That, if necessary, the Court ORDER the matter remanded to the STD or LTD Plan's claim administrator for such further and additional findings as may be reasonably necessary.

F.   That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

G.   That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:   May 9, 2016

                               PLAINTIFF
                               By her attorney,



                        By:   */s/ Stephen L. Raymond*
                               Stephen L. Raymond
                               BBO #567753
                               RAYMOND LAW
                               35 Village Road, Ste. 100
                               Middleton, MA 01949
                               978-605-1155
                               978-560-0959 fax
                               slraylaw@aol.com